IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BMT DESIGNERS & PLANNERS INC.,<br><br>      Debtor.<br><br>STEVEN VIGUS, JEFFREY VANDALL, and CREIGHTON HOGAN, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br> v.<br><br>BMT DESIGNERS & PLANNERS INC.,<br><br>      Defendant. | Case No. 22-10123-MG<br>Chapter 7<br><br><br>Adv. Pro. No. 22-_____(MG) |

**ADVERSARY PROCEEDING
CLASS ACTION COMPLAINT**

In this adversary proceeding, Plaintiffs Steven Vigus, Jeffrey Vandall, and Creighton Hogan ("Plaintiffs") allege on their own behalf and on behalf of the class of those similarly situated as follows:

**NATURE OF THE ACTION**

1. This action is brought by the Plaintiffs, on behalf of themselves and other similarly situated former employees, who worked for Defendant and who were terminated without cause, as part of, or as the result of, a mass layoff or plant closing ordered by Defendant on or about January 21, 2022, and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 et seq.

2. Plaintiff and all similarly situated employees seek to recover 60 days' worth of unpaid wages and 60 days' worth of employee benefits from Defendant, pursuant to 29 U.S.C. § 2104. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to partial administrative expense status pursuant to United States Bankruptcy Code § 503(b)(1)(A) and partial, or alternatively, full priority status, under 11 U.S.C. §§ 507(a)(4) and (5), up to the $13,650.00 priority cap for each, with any leftover balance being a general unsecured claim.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 29 U.S.C. § 2104(a)(5).

4. Defendant filed a voluntary Chapter 7 petition in this Court on or about February 1, 2022.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

**Plaintiffs**

7. Plaintiff Steven Vigus was employed by Defendant and worked at or reported to the Defendant's headquarters' facility located at 2900 S. Quincy St. in Arlington, Virginia ("the Arlington Facility," which was a facility as that term is defined by the WARN Act) until Defendant terminated his employment on or about January 21, 2022.

8. Plaintiff Jeffrey Vandall was employed by Defendant and also worked at or reported to the Defendant's Arlington Facility until Defendant terminated him on or about January 21, 2022.

9. Plaintiff Creighton Hogan was employed by Defendant and also worked at or

reported to the Defendant's Arlington Facility until Defendant terminated him on or about January 21, 2022.

**Defendant**

10. Upon information and belief, at all relevant times Defendant maintained and operated its business from the Arlington Facility.

11. Upon information and belief, at all relevant times BMT Designers and Planners Inc. has been a corporation organized under the laws of the State of New York and employed the Plaintiffs and all similarly situated employees who worked at or reported to its Arlington Facility.

12. Upon information and belief, until on or about January 21, 2022, the Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to its Arlington Facility.

13. Upon information and belief, Defendant terminated the employees without notice on or about January 21, 2022, resulting in the mass layoff of its employees on that date.

14. On or about January 24, 2022, Defendant announced its retroactive layoff decision by verbal message to employees in a company meeting held on Microsoft Teams.

15. On or about January 26, 2022, Defendant informed the employees by letter that the already implemented layoffs would be permanent and that employees would receive final paychecks for the pay period ending January 21, 2022. Defendant provided no additional contributions for any employee benefits, which meant their health insurance ended on January 31, 2022.

16. Upon information and belief, Defendant terminated approximately 170 employees on or within 30 days of January 21, 2022. It did not provide them with 60 days' notice

beforehand and did not provide them with 60 days' worth of compensation and benefits in lieu thereof. Likewise, Defendant did not report the event to the applicable government authorities, which the WARN Act required.

17. On February 1, 2022, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

## CLASS ALLEGATIONS

18. Plaintiffs bring their Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on their own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Arlington Facility and were terminated without cause on or about January 21, 2022 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about January 21, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

19. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to equal or exceed 170, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

20. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

21. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the

books and records of the Defendant.

22. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    a. whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Arlington Facility;

    b. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    c. whether Defendant unlawfully failed to pay the WARN Class members 60 days of wages and benefits as required by the WARN Act.

23. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at or reported to Defendant's Arlington Facility and were terminated without cause on or about January 21, 2022, due to the mass layoffs and/or plant closing ordered by Defendant.

24. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

25. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages

suffered by individual WARN Class members are relatively small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Federal WARN Act Cause of Action

28. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30. At all relevant times, Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and in 20 C.F.R. § 639(a), and was such when it ordered a mass layoff or plant closing at the Arlington Facility.

31. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. § 2101.

32. On or about January 21, 2022, the Defendant ordered mass layoffs or a plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

33. The mass layoffs or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2), for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

34. The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closing ordered by Defendant at the Facility.

35. The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

36. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

37. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act. *See, e.g., In re Dewey & LeBoeuf LLP*, 502 B.R. 522 (Bankr. S.D.N.Y. 2014).

38. The Plaintiffs are, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

39. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 days following their respective terminations, and failed to make contributions for health insurance, pension and 401(k) contributions and other employee benefits under ERISA, for 60 days from and after the dates of their respective terminations.

40. Since the Plaintiffs and each of the Class Members seek back pay and benefits attributable to a period of time after the filing of the Debtor's bankruptcy petition and which

arose as the result of the Debtor's violation of federal laws, Plaintiff's and the Class Members' claims against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A) during that period in addition to priority status for their claims prior to the bankruptcy filing, or alternatively, full priority treatment under 11 U.S.C. § 507(a)(4) and (5).

41. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A first priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans to the extent that such back pay and benefits would have extended into the post-petition period beginning February 1, 2022, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A)(4), and, for the period prior to the bankruptcy filing, priority status, under 11 U.S.C. §507(a)(4) and (5); or, alternatively, only priority status treatment under 11 U.S.C. § 507(a)(4) for the first $13,650 of each former employee's wages under 11 U.S.C. § 507(a)(4) and the same amount for priority status treatment under 11 U.S.C. § 507(a)(5) for unprovided employee benefits, and the remainder as a general unsecured claim.

E. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

F. Such other and further relief as this Court may deem just and proper.

Dated: March 8, 2022

Respectfully submitted,

s/ Mark Hanna
Mark Hanna
mhanna@murphypllc.com
Arlus J. Stephens, *pro hac vice to be filed*
astephens@murphypllc.com
Adam C. Breihan, *pro hac vice to be filed*
abreihan@murphypllc.com
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Telephone: (202) 223-2620

John C. Philo, *pro hac vice to be filed*
jphilo@sugarlaw.org
Anthony D. Paris, *pro hac vice to be filed*
tparis@sugarlaw.org
Sugar Law Center for Economic & Social Justice
4605 Cass Ave.
Detroit, Michigan 48201
(313) 993-4505

Attorneys for Plaintiffs and the Putative Class