IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BMT DESIGNERS & PLANNERS INC.,<br><br>Debtor.<br><br>STEVEN VIGUS, JEFFREY VANDALL, and CREIGHTON HOGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>    v.<br><br>BMT DESIGNERS & PLANNERS INC.,<br><br>Defendant. | Case No. 22-10123-MG<br>Chapter 7<br><br><br>Adv. Pro. No. 22-01015 (MG) |

**ANSWER WITH AFFIRMATIVE DEFENSES**

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor" and "Defendant" herein), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, submits this answer ("Answer") to the complaint ("Complaint") filed by Steven Vigus, Jeffrey Vandall, and Creighton Hogan, on behalf of themselves and all others similarly situated ("Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.      The allegations contained in paragraph 1 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

2.      The allegations contained in paragraph 2 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

## JURISDICTION AND VENUE

3.      The Trustee admits the allegations contained in paragraph 3 of the Complaint.

4.      The Trustee admits the allegations contained in paragraph 4 of the Complaint.

5.      The Trustee admits the allegations contained in paragraph 5 of the Complaint.

6.      The Trustee admits the allegations contained in paragraph 6 of the Complaint.

## THE PARTIES

7.      The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     In response to the allegations contained in paragraph 10 of the Complaint, the Trustee admits that the Debtor operated business from the Arlington Facility, but otherwise denies the remaining allegations contained therein.

11.     In response to the allegations contained in paragraph 11 of the Complaint, the Trustee admits that the Debtor was a corporation organized under the laws of the State of New York and that it operated business from the Arlington Facility, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

12.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     The Trustee admits the allegations contained in paragraph 17 of the Complaint.

## CLASS ALLEGATIONS

18.     The allegations contained in paragraph 18 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

19.     By Order of the Court dated May 19, 2022, the Court granted the Plaintiff's Motion for Class Certification. The allegations contained in paragraph 19 of the Complaint consist of legal conclusions to which no answer is required.  To the extent a response is required, the Trustee admits that the Debtor may have certain information regarding the allegations contained therein, but denies that Plaintiff is entitled to any relief and otherwise denies the remaining allegations contained therein.

20.     In response to the allegations contained in Paragraph 20 of the Complaint, the Trustee admits that the Debtor may have certain information regarding the allegations contained therein, but denies that Plaintiff is entitled to any relief and otherwise denies the remaining allegations contained therein.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, the Trustee admits that the Debtor may have certain information regarding the allegations contained

therein, but denies that Plaintiff is entitled to any relief and otherwise denies the remaining allegations contained therein.

22.     By Order of the Court dated May 19, 2022, the Court granted the Plaintiff's Motion for Class Certification. The allegations contained in paragraph 22 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

23.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     By Order of the Court dated May 19, 2022, the Court granted the Plaintiff's Motion for Class Certification. The allegations contained in paragraph 25 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

26.     By Order of the Court dated May 19, 2022, the Court granted the Plaintiff's Motion for Class Certification. The allegations contained in paragraph 26 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

27.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

**CLAIM FOR RELIEF**
**(Federal WARN Act Cause of Action)**

28.     In response to paragraph 28 of the Complaint, the Trustee repeats and reiterates each of his answers to paragraphs 1 – 27 of the Complaint as if set forth in full herein.

29.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

31.     The allegations contained in paragraph 31 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

32.     The allegations contained in paragraph 32 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

33.     The allegations contained in paragraph 33 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

34.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

36.     The allegations contained in paragraph 36 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

37.     The allegations contained in paragraph 37 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

38.     The allegations contained in paragraph 38 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

39.     The Trustee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     The Trustee denies the allegations contained in paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 of the Complaint consist of legal conclusions to which no answer is required. To the extent a response is required, the Trustee denies the allegations contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought may be awarded in that the Plaintiffs have not met the requirements to sustain a claim under the WARN Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43.     Any liability or penalty assessed against the Debtor's Estate under the WARN Act must be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Debtors in purported violation of the WARN Act was made in good faith and, upon information and belief, the Debtors had reasonable grounds for believing any or all such acts or omissions did not violate the WARN Act.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44.    To the extent the Debtor was required to give notice of termination to Plaintiffs and/or the putative class members under the WARN Act, the Debtor was permitted, pursuant to 29 U.S.C. § 2102(b)(1), and upon information and belief, to order a closing or layoff without providing such notice because, as of the time notice would have been required, the Debtors were actively seeking capital and/or business which, if obtained, would have enabled the Debtors to avoid or postpone the closing or layoff, and the Debtor reasonably and in good faith believed that giving the required notice would have precluded them from obtaining the needed capital. Furthermore, to the extent the Court determines that, notwithstanding 29 U.S.C. § 2102(b)(1), notice of termination should have been given to Plaintiffs and/or the putative class members under the WARN Act the claims of the Plaintiffs should be reduced and limited to the point in time where the Court determines that notice should have been given to Plaintiffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45.    Any liability or penalty assessed against the Debtors' Estates under the WARN Act must be reduced pursuant to 29 U.S.C. § 2104(a)(2) to the extent of any payment made by, or on behalf of, the Debtor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiff's claims and those of the putative class members are barred to the extent they were not employed for the minimum required duration of time under the WARN Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47.    Any recovery under the WARN Act should be limited to the extent Plaintiff or the putative class members have failed to mitigate any of the damages alleged in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. To the extent Plaintiff, or any of the putative class members, are entitled to damages, the Debtor's Estate are entitled to a credit or set-off against any amounts overpaid to them in the course of their employment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. No portion of the claims of Plaintiff and the putative class members are not entitled to administrative expense priority status pursuant to 11 U.S.C. § 503(b)(1)(A).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. Some or all of the claims of Plaintiff and the putative class members may not be entitled to priority status under 11 U.S.C. § 507(a)(4) or (5).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51. Plaintiff and the putative class members are not entitled to an allowed claim for reasonable attorneys' fees and any costs and disbursements incurred in prosecuting this case.

## RESERVATION OF RIGHTS AND DEFENSES

52. The Trustee reserve his rights to modify this Answer and/or to assert additional affirmative defenses should they become aware of additional defenses during the course of discovery up and to the time of trial.

53.     The Trustee consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**WHEREFORE**, the Trustee demands judgment dismissing the Complaint in its entirety, together with such other and further relief as this Court deems just, proper and equitable.

Dated:  June 30, 2022
        Wantagh, New York

                                **LaMONICA HERBST & MANISCALCO, LLP**
                                Counsel to Salvatore LaMonica, solely as the Chapter 7
                                Trustee of the estate of BMT Designers & Planners, Inc.,
                                fdba BMT D&P, fdba BMT fdba BMT DAS US

                        By:     */s/ Gary F. Herbst*
                                Gary F. Herbst, Esq.
                                3305 Jerusalem Avenue, Suite 201
                                Wantagh, New York 11793
                                Telephone: 516.826.6500
                                gfh@lhmlawfirm.com

TO:     Mark Hanna, Esq.
        Arlus J. Stephens, Esq.
        Adam C. Breihan, Esq.
        **Murphy Anderson PLLC**
        1401 K Street NW, Suite 300
        Washington, D.C. 20005
        mhanna@murphypllc.com
        astephens@murphypllc.com
        abreihan@murphypllc.com

        John C. Philo, Esq.
        Anthony D. Paris, Esq.
        **Sugar Law Center for Economic & Social Justice**
        4605 Cass Avenue
        Detroit, Michigan 48201
        jphilo@sugarlaw.org
        tparis@sugarlaw.org

*Attorneys for Plaintiffs and the Putative Class*